UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricco L. Maye,                                        Case No. 3:24-cv-1310

             Plaintiff,

v.                                                          ORDER

Craig Eden, *et al.*,

             Defendants.

On December 23, 2024, I reopened this case after Plaintiff Ricco Maye complied with my earlier Order requiring him to provide a current address and an explanation for his previous failure to maintain a valid mailing address with the Clerk of Court. (Doc. No. 8). Maye was being held an Ohio regional correctional facility following his conviction after a jury trial and awaiting sentencing. (*Id.* at 1-2). Therefore, I ordered that this case be stayed temporarily and also ordered Maye to notify the Clerk of his new mailing address after "his sentencing and assignment to a federal institution." (*Id.* at 2).

A few weeks later, Maye filed a motion for the appointment of counsel and to lift the stay. (Doc. No. 9). He contends he needs counsel appointed because he has been unable to find an attorney to accept his case and because of the difficulties he has encountered in attempting to litigate this case while incarcerated.

The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir.

1995). Appointment of counsel in a civil action is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted).

While I do not doubt Maye's representations that it is difficult to represent himself while in a correctional facility, he has not identified any exceptional circumstances that differentiate the challenges he has faced from those faced by countless other *pro se* prisoner-litigants. Therefore, I deny his motion for the appointment of counsel.

I also deny Maye's motion to lift the temporary stay. As I noted above, I imposed the temporary stay while Maye was awaiting sentencing in the United States District Court for the Southern District of Ohio. *See United States v. Maye*, Case No. 2:20-cr-203-SDM. Maye has not yet been sentenced, as his sentencing hearing is currently scheduled for October 8, 2025.[1] *See id.* (Doc. No. 760). Because he remains in regional custody while awaiting sentencing and assignment to a Federal Bureau of Prisons facility, I conclude a temporary stay still is the best course of action at this juncture.

For these reasons, I deny Maye's motion. (Doc. No. 9).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

---

[1] Proceedings in that case appear to have been delayed by numerous *pro se* filings by Maye following his conviction, including a motion to fire his attorneys, which was denied.