UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ricco Maye,                                                  Case No. 3:24-cv-1310

           Plaintiff,

v.                                                         ORDER

Correctional Center of Northwest Ohio, *et al.*,

           Defendants.

       Plaintiff Ricco Maye filed a motion for an order requiring all Defendants to preserve evidence that may be related to this litigation. (Doc. No. 11 at 2-4). He contends that the failure to preserve this evidence will violate his constitutional rights. (*Id.*). "The duty to preserve relevant evidence commences prior to the filing of the action, once the defendant reasonably anticipates an action may be forthcoming." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, 448 F. Supp. 2d 876, 878 (S.D. Ohio 2006) (citations omitted). Because federal law already imposes the duty to preserve, I deny Maye's motion.

       Maye also seeks reconsideration of my denial of his earlier motion for appointment of counsel. (Doc. No. 11 at 1-2). He asserts he "listed enough rights and constitutional violations that for an attorney to be granted was obvious." (*Id.* at 1). As I previously stated:

> The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil action is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted).

> While I do not doubt Maye's representations that it is difficult to represent himself while in a correctional facility, he has not identified any exceptional circumstances that differentiate the challenges he has faced from those faced by countless other *pro se* prisoner-litigants.

(Doc. No. 10 at 1-2).

While "[d]istrict courts have inherent power to reconsider interlocutory orders," *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991), the bar for granting a motion for reconsideration is set high. *See, e.g., Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) ("The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

Maye fails to show reconsideration of my denial of his earlier motion is appropriate. He does not identify any change in controlling law or any new evidence. Nor does he point to any case in which a court concluded a *pro se* plaintiff had identified exceptional circumstances warranting appointment of counsel simply by suing many defendants and asserting many claims against those defendants. Therefore, I deny his motion on this basis as well.

Finally, I previously stayed this case while Maye was awaiting sentencing in the United States District Court for the Southern District of Ohio and subsequent transport to a Bureau of Prisons facility. (Doc. Nos. 8 and 10). Maye has been sentenced and currently is incarcerated at USP Pollock in Pollock, Louisiana. (*See* Doc. No. 12). Therefore, I hereby lift the stay and order the United States Marshals to serve copies of the complaint and summons on the named Defendants. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge